# "EXHIBIT A"

"EXHIBIT A"

A-16-743149-C

II

# DISTRICT COURT CIVIL COVER SHEET

Clark County, Nevada

Case No. ...................................................
(*Assigned by Clerk's Office*)

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| DAVID LOFTIS, an individual; | CAESARS ENTERPRISE SERVICE, LLC. |
| | a limited liability company; EMPLOYEE(S)/AGENT(S) |
| | DOES I-X,inclusive; AND ROE CORPORATIONS XI-XX, inclusive; |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| Gabroy Law Offices | |
| 170 S Green Valley Parkway, Suite 280 | |
| Henderson, NV 89012 | |
| (702) 259-7777 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

**Real Property**

**Landlord/Tenant**
- ☐ Unlawful Detainer
- ☐ Other Landlord/Tenant

**Title to Property**
- ☐ Judicial Foreclosure
- ☐ Other Title to Property

**Other Real Property**
- ☐ Condemnation/Eminent Domain
- ☐ Other Real Property

**Torts**

**Negligence**
- ☐ Auto
- ☐ Premises Liability
- ☐ Other Negligence

**Malpractice**
- ☐ Medical/Dental
- ☐ Legal
- ☐ Accounting
- ☐ Other Malpractice

**Other Torts**
- ☐ Product Liability
- ☐ Intentional Misconduct
- ☒ Employment Tort
- ☐ Insurance Tort
- ☐ Other Tort

**Probate**

**Probate** *(select case type and estate value)*
- ☐ Summary Administration
- ☐ General Administration
- ☐ Special Administration
- ☐ Set Aside
- ☐ Trust/Conservatorship
- ☐ Other Probate

**Estate Value**
- ☐ Over $200,000
- ☐ Between $100,000 and $200,000
- ☐ Under $100,000 or Unknown
- ☐ Under $2,500

**Construction Defect & Contract**

**Construction Defect**
- ☐ Chapter 40
- ☐ Other Construction Defect

**Contract Case**
- ☐ Uniform Commercial Code
- ☐ Building and Construction
- ☐ Insurance Carrier
- ☐ Commercial Instrument
- ☐ Collection of Accounts
- ☐ Employment Contract
- ☐ Other Contract

**Judicial Review/Appeal**

**Judicial Review**
- ☐ Foreclosure Mediation Case
- ☐ Petition to Seal Records
- ☐ Mental Competency

**Nevada State Agency Appeal**
- ☐ Department of Motor Vehicle
- ☐ Worker's Compensation
- ☐ Other Nevada State Agency

**Appeal Other**
- ☐ Appeal from Lower Court
- ☐ Other Judicial Review/Appeal

**Civil Writ**

**Civil Writ**
- ☐ Writ of Habeas Corpus
- ☐ Writ of Mandamus
- ☐ Writ of Quo Warrant
- ☐ Writ of Prohibition
- ☐ Other Civil Writ

**Other Civil Filing**

**Other Civil Filing**
- ☐ Compromise of Minor's Claim
- ☐ Foreign Judgment
- ☐ Other Civil Matters

***Business Court filings should be filed using the Business Court civil coversheet.***

9/8/2016
Date

[signature]
Signature of initiating party or representative

*See other side for family-related case filings.*

Electronically Filed
09/08/2016 04:08:14 PM

CLERK OF THE COURT

**COMP**
GABROY LAW OFFICES
Christian Gabroy (#8805)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel (702) 259-7777
Fax (702) 259-7704
christian@gabroy.com
*Attorney for Plaintiff*

**DISTRICT COURT**

**EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY NEVADA**

DAVID LOFTIS, an individual;

Plaintiff,

vs.

CAESARS ENTERPRISE SERVICE, LLC, a Limited Liability Company; EMPLOYEE(S)/AGENT(S) DOES I-X; and ROE CORPORATIONS XI-XX, inclusive;

Defendant.

Case No.: A-16-743149-C
Dept.: II

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY**

COMES NOW Plaintiff David Loftis ("Plaintiff" or "Loftis") by and through his attorney, Christian Gabroy, Esq. of Gabroy Law Offices, and hereby alleges and complains against Caesars Enterprise Service, LLC. ("Defendant" or "Caesars") as follows:

**JURISDICTION AND VENUE**

1. This is a civil action for damages under state and federal laws prohibiting unlawful employment actions and to secure the protection of and to redress deprivation of rights under these laws.

2. Jurisdiction and venue is based upon NRS Chapter 608, NRS Chapter 613, 42 U.S.C. §12101, *et. seq.*, and 29 U.S.C. §201, *et. seq.* of the Fair Labor Standards Act

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

("FLSA").

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) and otherwise which states in relevant part that this action may be maintained in any Federal or State court of competent jurisdiction.

4. All alleged unlawful employment actions occurred in this judicial district.

**PROCEDURAL POSTURE**

5. Plaintiff has satisfied all administrative and jurisdictional requirements necessary to maintain this lawsuit. Plaintiff timely filed his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about May 3, 2016. *See* a true and correct copy of Plaintiff's charge of discrimination attached hereto as Exhibit I. Such allegations of Exhibit I are hereby incorporated herein.

6. On or about June 13, 2016, the EEOC mailed a Notice of Right to Sue. *See* a true and correct copy of the Notice of Right to Sue attached hereto as Exhibit II.

7. This lawsuit has been commenced within 90 days of receipt of the Notice of Right to Sue.

8. On or about August 26, 2016, Plaintiff mailed a five (5) day demand, pursuant to NRS §608.140 to Defendant. A true and accurate copy of such demand is hereby attached as Exhibit III. Defendant did not honor such demand within five days and the demand was withdrawn.

9. Pursuant to 29. U.S.C. §216(b), Plaintiff's notice of consent to joinder is attached hereto as Exhibit IV.

10. Plaintiff herein requests a jury on all issues triable by jury.

**THE PARTIES**

11. At all relevant times, Plaintiff was an individual residing in this judicial district.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

12.     At all relevant times, Plaintiff was an "employee" of Defendant as that term is defined in the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12111, *et. seq.* and NRS Chapter 608, 613.

13.     Upon information and belief, at all times relevant, Defendant was doing business in this judicial district in Clark County, Nevada.

14.     At all times relevant, Defendant was a limited liability company listed with the Nevada Secretary of State and was Plaintiff's "employer" as that term is defined by the ADA, 42 U.S.C.A § 12111, *et. seq.*, NRS Chapters 608, 613, and § 203(d) of the FLSA.

15.     At all times hereto, Defendant was Plaintiff's "employer" and thus subject to the FLSA, 29 U.S.C. §201, *et seq.*  At all times hereto, Defendant had custody or control over Plaintiff and his employment, and was responsible for Plaintiff's labor and employment matters while Plaintiff was employed by Defendant at the time Plaintiff's wages were lawfully due.

16.     At all times, Defendant was an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1). More specifically, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA in that Defendant has engaged in an annual gross volume of sale made or business done that exceeds the $500,000.00 minimum threshold requirement of the FLSA, exclusive of excise taxes.

17.     DOE DEFENDANTS I-X, inclusive, are persons and ROE DEFENDANTS XI-XX, inclusive, are corporations or business entities (collectively referred to as "DOE/ROE DEFENDANTS"), whose true identities are unknown to Plaintiff at this time. These ROE CORPORATIONS may be parent companies, subsidiary companies, owners, predecessor or successor entities, or business advisors, de facto partners, Plaintiff's

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

employer, or joint venturers of Defendant. Individual DOE DEFENDANTS are persons acting on behalf of or at the direction of any Defendant or who may be officers, employees, or agents of Defendant and/or a ROE CORPORATION or a related business entity. These DOE/ROE DEFENDANTS were Plaintiff's employer(s) and are liable for Plaintiff's damages alleged herein for their unlawful employment actions/omissions. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE/ROE DEFENDANTS are revealed to Plaintiff.

**FACTUAL ALLEGATIONS**

18. On or about January 15, 2015, Defendant offered employment to Plaintiff and Plaintiff accepted such offer.

19. Shortly thereafter Plaintiff commenced his employment with Defendant.

20. At all relevant times, Plaintiff was employed by Defendant as a "corporate investigator."

21. Defendant represents to the general public a "public pledge to our employees, guests, and communities that we will honor the trust they have placed in us." The pledge further states that Defendant has "[a] commitment to all our employees to treat them with respect and provide satisfying career opportunities."

22. Plaintiff was paid an approximate salary amount of $4,416.67 per month, or $53,000.00 annually. *See* a true and correct copy of Plaintiff's redacted paycheck attached as Exhibit V. According to Plaintiff's paycheck, Plaintiff was paid a set hourly rate and a set number of hours which were the exact same, 40 hours per week, for each week he worked despite Plaintiff customarily working more than 40 hours a week.

23. At all times relevant on a weekly basis, Plaintiff was paid the same amount no matter how many hours he worked.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

24. At all times relevant, Plaintiff performed job duties as a "corporate investigator."

25. Plaintiff customarily worked in excess of 40 (forty) hours per week. Plaintiff was not lawfully compensated for work performed in excess of 40 (forty) hours per week. *See* a true and correct copy of Plaintiff's redacted paycheck attached as Exhibit V.

26. Plaintiff customarily worked approximately 50 (fifty) or more hours per work week.

27. Plaintiff routinely worked in excess of forty hours per week and in excess of eight hours a day, but Defendant did not provide Plaintiff overtime compensation for such work. For example, and on a weekly basis, Defendant failed to pay Plaintiff overtime wages for work during the two (2) weeks of October 29, 2015 to November 12, 2015 during which Plaintiff worked in excess of forty hours per week. The Plaintiff worked in excess of forty hours per week but was not paid overtime compensation. *See* attached redacted paycheck hereto as Exhibit V.

28. The Defendant provided false information on at least one of Plaintiff's paychecks, reflecting Plaintiff worked only forty hours per week or 80 hours per two week pay period. The Plaintiff customarily worked in excess of forty hours per week. *See* attached redacted paycheck hereto as Exhibit V. According to such paycheck, Plaintiff was paid on an hourly basis and during that relevant time period, Defendant did not pay Plaintiff all his hours worked.

29. Plaintiff was an exemplary employee and received a strong performance review.

30. As a result of Plaintiff's strong performance review, Plaintiff was thereafter paid an increased salary in or around September 2015.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

31. According to Plaintiff's paycheck dated November 19, 2015, Plaintiff had a primary job base rate of $54,060.00. *See* a true and correct copy of Plaintiff's redacted paycheck attached as Exhibit V.

32. At all relevant times, Plaintiff suffered from End Stage Renal Disease ("ERSD"), a disability that substantially limits one or more of Plaintiff's major life activities. ESRD is permanent and is irreversible kidney damage, requiring hemodialysis or a renal transplant to maintain life.

33. At all relevant times, Plaintiff suffered from his disability, ESRD. Plaintiff's disability substantially limits one or more of his major life activities.

34. Plaintiff explained his medical condition to Defendant. Plaintiff explained to Defendant that at times due to his medical condition worsening, Plaintiff may become tired, "nod off," and/or sleep.

35. Defendant issued Plaintiff a disciplinary "verbal communication" regarding Plaintiff nodding off and/or sleeping due to his disability. *See* a true and correct copy of the Performance Documentation-Documented Coaching attached as Exhibit VI.

36. On or around April 2, 2015, Defendant issued further discipline against Plaintiff. On or about April 2, 2015, Defendant issued Plaintiff a "Documented Coaching" relating to Plaintiff's disability. Such documented coaching was due to Plaintiff's "sleeping" at his desk because of his disability. Such documented coaching included a statement that Plaintiff could possibly "go for a walk" to alleviate the symptoms of Plaintiff's disability. *See* a true and correct copy of the Performance Documentation-Documented Coaching attached as Exhibit VI.

37. On or around April 2, 2015, this "documented coaching" informed Plaintiff that "[f]ailure to remain alert and vigilant while on duty is unacceptable performance and

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

compromises both your work and safety." *See* a true and correct copy of the Performance Documentation-Documented Coaching attached as Exhibit VI.

38. On or around April 2, 2015, this "documented coaching" issued to Plaintiff also included a written "consequence." The consequence provided, "[a]ny further incidents of this nature will result in additional progressive disciplinary action up to and including termination of your employment." *See* a true and correct copy of the Performance Documentation-Documented Coaching attached as Exhibit VI.

39. In response to the documented coaching, Plaintiff again informed Defendant, now in writing, the sleeping was "due to medication." *See* a true and correct copy of the Performance Documentation-Documented Coaching attached as Exhibit VI.

40. On or around April 16, 2015, Defendant issued Plaintiff a written warning, a formal warning, and warned Plaintiff against sleeping or "nodding off" during the course and scope of his employment. *See* a true and correct copy of the Performance Documentation-Written Warning attached as Exhibit VII.

41. On or around April 16, 2015, the written warning again informed Plaintiff "[f]ailure to remain alert and vigilant while on duty is unacceptable performance and compromises both your work and safety." *See* a true and correct copy of the Performance Documentation-Written Warning attached as Exhibit VII.

42. On or around April 16, 2015, the written warning again informed Plaintiff "[a]ny further incidents of this nature will result in additional progressive disciplinary action up to and including termination of your employment." *See* a true and correct copy of the Performance Documentation-Written Warning attached as Exhibit VII.

43. In response to the written formal warning, Plaintiff provided Defendant, in writing, that Plaintiff "[w]ill be changing prescription" in an attempt to change the behavior

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

warned against by Defendant. *See* a true and correct copy of the Performance Documentation-Written Warning attached as Exhibit VII.

44. Thereafter, Plaintiff sought to change his prescription(s) and was prescribed iron to increase his levels of hemoglobin and blood count to prevent side effects and symptoms related to his disability, ESRD.

45. Thereafter, Plaintiff requested reasonable accommodations pursuant to his rights provided by the ADA. Plaintiff provided Defendant with supporting medical documents.

46. In December of 2015, Plaintiff turned in his request for accommodations to Defendant in accordance with the ADA and/or Defendant-employer guidelines, approximately one day prior to Plaintiff starting his holiday vacation.

47. Defendant had actual or constructive knowledge Plaintiff suffered from his disability, ESRD.

48. Defendant had actual or constructive knowledge Plaintiff was on medication to treat his disability, ESRD.

49. Defendant then informed Plaintiff no ADA accommodation(s) would be provided.

50. Defendant informed Plaintiff there would be no reasonable accommodations provided to Plaintiff.

51. Three days after Christmas, on or about December 28, 2015, after Plaintiff filed his request for accommodations, Plaintiff was terminated by Defendant.

**COUNT I**
**VIOLATIONS OF AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12111, *et. seq.*; NRS 613.310, *et seq.***

52. Plaintiff hereby realleges and incorporates paragraphs 1 through 51 of this

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

Complaint as though fully set forth herein.

53.     At all times relevant, Plaintiff was a qualified individual under the ADA in that Plaintiff was an individual with a disability, a physical impairment, that substantially limits one or more major life activities, has a record of such impairment, and/or was a person who was regarded and/or perceived as having an impairment or disability.

54.     Plaintiff with or without reasonable accommodation could perform the essential functions of his job.

55.     Plaintiff suffered from a physical impairment while employed by Defendant.

56.     Defendant knew and/or were aware of Plaintiff's disability.

57.     Defendant had actual or constructive knowledge of Plaintiff's disability.

58.     Plaintiff was harassed and/or discriminated against, and ultimately terminated based upon his actual disability and/or his perceived disability by Defendant in violation of the ADA. Further, Defendant harassed and/or discriminated against Plaintiff on the basis of his disability or his perceived disability by failing to provide Plaintiff a reasonable accommodation and by failing to engage in the interactive process in good faith. Although Defendant could have reasonably accommodated Plaintiff in an available position in compliance with Plaintiff's work restrictions, Plaintiff was harassed, and/or discriminated against, and terminated in violation of the ADA.

59.     Plaintiff engaged in conduct protected under the ADA.

60.     Plaintiff was subjected to an adverse employment action after the protected conduct occurred.

61.     There was a causal link between the protected activity and the adverse employment action.

62.     Plaintiff's termination was a result of his protected activity.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

63. The acts and/or omissions of Defendant caused Plaintiff severe economic and emotional damages.

64. The conduct of Defendant has been malicious, fraudulent or oppressive and was designed to vex, annoy, harass or humiliate Plaintiff and, thus, Plaintiff is entitled to punitive damages with respect to his claim.

65. As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

**COUNT II**
**NEGLIGENT HIRING, TRAINING, AND SUPERVISION**

66. Plaintiff repeats and reasserts the allegations contained in Paragraphs 1 through 65 as if fully incorporated by reference herein.

67. Defendant had a duty to exercise reasonable care to protect Plaintiff from negligent and/or careless actions of their own agents, officers, employees, and others.

68. Defendant owed a duty to Plaintiff to not hire individuals with a propensity towards committing unlawful acts against Plaintiff.

69. Defendant owed a duty to Plaintiff to adequately train and supervise their employees in regards to all correct policies and procedures relating to medical leave, absence, and/or termination policies and procedures.

70. Defendant breached their duty to protect Plaintiff by failing to properly hire, train, and/or supervise their employees, whereby a reasonable person could have foreseen the injuries of the type Plaintiff suffered would likely occur under the circumstances.

71. As a direct and proximate cause of the foregoing conduct, Plaintiff suffered harm including loss of income and benefits, severe emotional distress including but not

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

limited to great mental and emotional harm, anguish, anxiety, insecurity, damage to self-esteem and self-worth, shame and humiliation, lack of appetite, and loss of sleep and/or anxiety.

**COUNT III**
**Wage Violations**
**N.R.S. 608.005, *et seq.***

72. Plaintiff hereby realleges and incorporates paragraphs 1 through 71 of this Complaint as though fully set forth herein.

73. This count arises from Defendant's violation of NRS § 608.005, *et seq.* for Defendant's failure to pay lawful wages to Plaintiff, including but not limited to paying Plaintiff for all time worked in excess of forty (40) hours in individual work weeks.

74. At all material times hereto, Plaintiff was employed by Defendant as an "employee" within the meaning NRS § 608.010. Plaintiff performed a variety of job duties and responsibilities for Defendant within this judicial district.

75. At all material times hereto, Defendant was Plaintiff's "employer" per NRS § 608.011.

76. At all relevant times and during the course of his employment for Defendant, Plaintiff was employed by Defendant and was not exempt from the overtime wages provisions of NRS § 608.018.

77. Plaintiff was directed by Defendant to work, and/or Defendant suffered Plaintiff to work, and Plaintiff did such work, in excess of forty (40) hours per week.

78. Pursuant to NRS § 608.018, Plaintiff was entitled to be compensated at a rate of one and one-half times his regularly hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

79. Defendant did not compensate Plaintiff at a rate of one and one-half times

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks. Instead, Defendant paid Plaintiff at his regular rate of pay for all hours worked, including hours worked in excess of forty (40) in individual work weeks. For example, and on a weekly basis, Defendant failed to pay Plaintiff overtime wages for work during the weeks of October 29, 2015 to November 12, 2015 during which Plaintiff worked in excess of forty hours per week. Plaintiff was paid his set salary rate for those hours worked. In violation of the law, Plaintiff worked in excess of forty hours per week but was not paid overtime compensation. *See* attached redacted paycheck hereto as Exhibit V.

80. As a result of Defendant's failure and refusal to pay lawful wages, including overtime wages, to Plaintiff for all time worked in excess of forty (40) hours per week, Defendant violated NRS Chapter 608.

81. Further, upon information and belief, Defendant failed to provide Plaintiff and maintain all records in accordance with NRS § 608.115 and has been damaged thereto.

82. Pursuant to NRS 608.005, 608.040 and 608.140, *et. seq.*, the Plaintiff seeks all available damages for such unlawful payment practices.

83. The Defendant has failed and refused to pay the Plaintiff, a former employee of the Defendant, his earned but unpaid wages. Such conduct by the Defendant constitutes a violation of Nevada Revised Statutes § 608.020, or § 608.030, and provides the Plaintiff with a claim against Defendant for a continuation after the termination of his employment with the Defendant of his normal daily wages the Defendant would pay him, until such earned but unpaid wages are actually paid or for thirty (30) days, whichever is less, pursuant to Nevada Revised Statutes § 608.040(1).

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

84. As a direct and proximate result of Defendant's conduct described hereinabove, Plaintiff has sustained damages in excess of Ten Thousand Dollars ($10,000.00).

85. As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

86. The Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

**COUNT IV**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT – WAGES**
**29 U.S.C. §201, *et. seq.***

87. Plaintiff repeats and realleges the allegations contained in the preceding Paragraphs 1 through 86 as though fully set forth herein and incorporates the same herein by reference.

88. This count arises from Defendant's violation of the FLSA, 29 U.S.C. §201 *et. seq.* for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty hours in an individual work week.

89. Pursuant to the FLSA, Plaintiff has a right to be compensated for all overtime work time spent at the direction of, and for the benefit of, his employer.

90. The time spent by Plaintiff working unpaid overtime is compensable work time payable at time and a half.

91. At all material times hereto, Plaintiff was employed by Defendant as an "employee" within the meaning of §203(e)(1) of the FLSA. Plaintiff performed a variety of

job duties, labor, services, and responsibilities for Defendant within this judicial district that are subject to the aforesaid provisions of the FLSA.

92. Plaintiff performed a variety of job duties and responsibilities such as that of a corporate investigator for Defendant within this judicial district.

93. Plaintiff was an employee of Defendant during the time period pertinent to this Complaint, and during a portion of the three years immediately preceding the initiation of this action.

94. At all material times hereto, Defendant was Plaintiff's "employer" per the FLSA, 29 U.S.C. §203(d).

95. At all times relevant and during the course of his employment for Defendant, Plaintiff was employed by Defendant and was not exempt from the overtime provisions of the FLSA 29 U.S.C. §207, *et. seq*.

96. Pursuant to 29 U.S.C. §207, Plaintiff was entitled to be compensated at a rate of one and one half times a base hourly pay rate and/or at a base minimum wage rate for each hour worked in excess of forty hours per week.

97. Plaintiff was directed by Defendant to work, and did such work in excess of forty hours per week.

98. Defendant did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks. Instead, Defendant provided Plaintiff with a set weekly salary, including hours worked in excess of forty (40) in individual work weeks. For example, and on a weekly basis, Defendant failed to pay Plaintiff overtime wages for work during the weeks of October 29, 2015 to November 12, 2015 during which Plaintiff worked in excess of forty hours per week. Plaintiff was paid his set salary rate for those hours worked. In

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

violation of the law, Plaintiff worked in excess of forty hours per week but was not paid overtime compensation. *See* attached redacted paycheck hereto as Exhibit V.

99. Defendant's failure and refusal to pay lawful wages to Plaintiff for overtime wages owed violated the FLSA, 29 U.S.C. §207, *et. seq.*

100. Defendant willfully violated the FLSA by refusing to pay Plaintiff all lawful wages, including overtime compensation. All of the alleged various violations of the law herein were committed intentionally and/or willfully by Defendant herein.

101. Defendant is liable to Plaintiff under the FLSA for actual damages, equitable relief and any other damages awarded by this court.

102. Per the FLSA, Plaintiff seeks all available damages including but not limited to attorney's fees, liquidated damages, and all lawful wages.

103. Plaintiff seeks a judgment for unpaid overtime compensation and additional liquidated damages of one hundred percent of any unpaid overtime compensation, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to Plaintiff.

104. Plaintiff also seeks an award of attorney's fees, interest and costs as provided for by the FLSA.

**COUNT V**
**RETALIATION**
**42 U.S.C.A §2000e., *et. seq.* / NRS 613.340**

105. Plaintiff hereby realleges and incorporates paragraphs 1 through 104 of this Complaint as though fully set forth herein.

106. The Plaintiff engaged in or was engaging in an activity protected under Federal and State law when the Plaintiff informed the Defendant of his disability, and/or requested reasonable accommodations pursuant to his rights under the ADA.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

107. Specifically, the Plaintiff, in good faith, informed the Defendant of his disability and his need for reasonable accommodations.

108. Thereafter, the Plaintiff, in good faith, formally requested reasonable accommodations pursuant to his rights under the ADA.

109. The Defendant retaliated against the Plaintiff and subjected the Plaintiff to adverse employment actions, including a series of informal and formal warnings, and termination.

110. There is a temporal proximity to Plaintiff informing the Defendant of his disability and the Defendant's adverse employment actions, regarding the informal and formal warnings, and/or termination.

111. There is a temporal proximity in relation to Plaintiff's internal request for accommodations and the retaliation against the Plaintiff.

112. Defendant subjected Plaintiff to retaliatory conduct by ratifying harassment and/or discrimination against the Plaintiff with a series of informal and formal warnings, and/or termination.

113. These retaliatory actions were in response to Plaintiff's request for accommodations and/or the Plaintiff informing the Defendant of his disability.

114. The Plaintiff informed the Defendant of the disparate treatment. The Defendant took no action to investigate or promptly correct the retaliatory conduct.

115. Defendant's aforementioned conduct constituted retaliation and adverse employment actions.

116. By taking adverse actions as a result of the Plaintiff informing the Defendant of his disability, and/or the Plaintiff's request for accommodations, the Defendant engaged in a retaliatory practice with malice and/or with reckless disregard to

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

Plaintiff's protected rights. As a result, the Plaintiff has been damaged.

117. As a direct and proximate result of the Plaintiff informing the Defendant of his disability and/or the Plaintiff's request for accommodations, the Plaintiff was retaliated against and/or terminated on or about December 28, 2015, approximately one to two weeks after the Plaintiff filed a request for accommodation.

118. As a result of the Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

119. The conduct of Defendant has been malicious, fraudulent, or oppressive and was designed to vex, annoy, harass, or humiliate Plaintiff. Thus, the Plaintiff is entitled to punitive damages with respect to his claim against Defendant.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

A. A judgement in the amount of one and one-half times Plaintiff's hourly wage rate for all time which Plaintiff worked in excess of forty (40) hours per week;

B. All damages and penalties allowed under NRS 608.005 *et. seq.*;

C. For general damages in excess of $10,000.00;

D. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

E. For special damages, where applicable, in excess of $10,000.00;

F. For compensatory damages in excess of $10,000.00;

G. Prejudgment and Post-Judgement Interest;

H. For reasonable attorney's fees and costs incurred in filing this action;

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

I. For punitive damages on claims warranting such damages; and

J. Such other and further relief as this Honorable Court deems appropriate and just.

Dated this 8th day of September 2016.

Respectfully submitted,

GABROY LAW OFFICES

By: ______________________

Christian Gabroy (#8805)
The District at Green Valley Ranch
170 South Green Valley Parkway,
Suite 280
Henderson, Nevada 89012
Tel (702) 259-7777
Fax (702) 259-7704
christian@gabroy.com
*Attorney for Plaintiff*

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

IAFD
Gabroy Law Offices
Christian Gabroy (#8805)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel (702) 259-7777
Fax (702) 259-7704
christian@gabroy.com
Attorney for Plaintiff

**DISTRICT COURT**

**EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY NEVADA**

| | |
|---|---|
| DAVID LOFTIS, an individual;<br><br>Plaintiff,<br>vs.<br><br>CAESARS ENTERPRISE SERVICE, LLC, a Limited Liability Company; EMPLOYEE(S)/AGENT(S) DOES I-X; and ROE CORPORATIONS XI-XX, inclusive;<br><br>Defendant. | Case No. A-16-743149-C<br>Dept No. II<br><br>**Initial Appearance Fee Disclosure** |

Pursuant to NRS Chapter 19, filing fees are submitted for parties appearing in the above-captioned action as indicated below:

| | |
|---|---|
| David Loftis, Plaintiff | $270.00 |
| TOTAL REMITTED | $270.00 |

///

///

///

///

///

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

///

Dated this 8th day of September 2016.

GABROY LAW OFFICES.

By: /s/ Christian Gabroy
Christian Gabroy (#8805)
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel (702) 259-7777
Fax (702) 259-7704
christian@gabroy.com

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

# EXHIBIT I

May 20 16 02:52p p.8

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: [ ] FEPA [X] EEOC

Agency(ies) Charge No(s): 846-2016-09664

Nevada Equal Rights Commission and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. David B. Loftis | ( [redacted] | [redacted] |

Street Address: [redacted] City, State and ZIP Code:

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| HARRAH'S LAS VEGAS, INC. | 500 or More | (702) 407-6254 |

Street Address: One Harrah Court, City, State and ZIP Code: Las Vegas, NV 89119

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address: City, State and ZIP Code:

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[X] RETALIATION [ ] AGE [X] DISABILITY [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Latest: 12-28-2015

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about February 1, 2015, I was hired by the Respondent as a Corporate Investigator. My last job title was Corporate Investigator.

On or about December 18, 2015, I informed Respondent regarding my medical condition and need for a reasonable accommodation. There is an accommodation that would allow me to perform the essential functions of the job. Respondent failed to engage in the interactive process.

On or about December 28, 2015, I was discharged. I informed Respondent of the disparate treatment; however, no action was taken to investigate or to promptly correct.

I believe I was discriminated against because of my disability, and retaliated against for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

N/A

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

N/A

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

N/A

Date Charging Party Signature

# EXHIBIT II

EEOC Form 161 (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: David B. Loftis
[redacted]
[redacted]

From: Las Vegas Local Office
333 Las Vegas Blvd South
Suite-8112
Las Vegas, NV 89101

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2016-09664 | Amy Nigro, Investigator | (702) 388-5099 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Richard T. Burgamy,
Local Office Director

JUN 13 2016
*(Date Mailed)*

Enclosures(s)

cc: Jeffrey D. Winchester
Vice President of Employment
HARRAH'S LAS VEGAS, INC.
c/o Caesars Entertainment Corp
One Caesars Palace Drive
Las Vegas, NV 89109

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

***Note:** Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

# EXHIBIT III

Christian Gabroy, Esq.*

*Also admitted in Illinois

GABROY LAW OFFICES
The District at Green Valley Ranch
170 S. Green Valley Pkwy. Ste. 280 | Henderson, NV 89012
Office: (702) 259-7777 | Facsimile: (702) 259-7704

August 26, 2016

**FIVE DAY DEMAND UNDER NRS §608.140**

**VIA REGULAR MAIL**
Caesars Enterprise Services, LLC.,
C/O CSC Services of Nevada, INC.
2215 Renaissance Dr. Ste B
Las Vegas, NV 89119-6727

***Re: David Loftis***

To Caesars Enterprise Services, LLC.,

Our firm has been retained to represent the interests of David Loftis.

Pursuant to NRS § 608.140, Mr. Loftis herein provides a five-day demand in the amount of $17,153.67 (Seventeen Thousand, One Hundred and Fifty-Three Dollars and Sixty-Seven Cents). This appears to be a reduced amount. If such demand is not met within five days, Mr. Loftis will withdraw this demand without notice and pursue his remedies to the fullest extent of the law.

If you have questions or comments, feel free to contact the undersigned at any time.

I thank you.

Very Truly Yours,

GABROY LAW OFFICES

Christian J. Gabroy, Esq.

CJG/cg

# EXHIBIT IV

CONSENT TO JOINDER

I DAVID B. LOFTIS, by signing below, hereby consent to join this case as a Plaintiff pursuant to 29. U.S.C. 216(b).

D. B. Loftis

Signature

As Represented By:
Gabroy Law Offices
170 South Green Valley Parkway, Suite 280
Henderson, NV 89012

# EXHIBIT V

DAVID B LOFTIS    EMPLOYER:CES    EE NO: 800558199
PROPERTY:9CR    DEPT NO: 05510

BULLETIN BOARD

SPECIAL INFORMATION

| | | | |
|---|---|---|---|
| PTO/VAC TAKEN PAY PD | 16.00 TAX STATUS: S | CHECK NO: | 11158851 |
| PTO/VAC AVAILABLE | 52.00 EXEMPTIONS: FED: 00 STATE: 00 | CHECK DATE: | 11/19/2015 |
| PTO/VAC TAKEN YTD | 24.00 STATE CODE: NV | PERIOD ENDING: | 11/12/2015 |
| CA SICK | ADD'L W/H: 50.00 | PAY FREQUENCY: | B |
| | | PRIMARY JOB BASE RATE: | 54060.0000 |

| | GROSS | PRE TAX | TAXABLE WAGES | TAXES | DEDS | | NET PAY |
|---|---|---|---|---|---|---|---|
| CURRENT | 2079.24 | 323.50 | 1755.74 | 458.43 | 1297.31 | | |
| Y-T-D | 41760.42 | 3578.57 | 33850.51 | 9129.17 | 23703.12 | | 5349.56 |

| HOURS AND EARNINGS | | | | | | TAXES AND DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|---|
| | CURRENT | | | Y-T-D | | | CURRENT | Y-T-D |
| DESCRIPTION | HOURS | RATE | EARNINGS | HOURS | EARNINGS | DESCRIPTION | AMOUNT | AMOUNT |
| REGULAR | 64.00 | 25.9904 | 1663.39 | 1440.00 | 36809.38 | FEDERAL TX | 305.04 | 5998.15 |
| PTO | 16.00 | 25.9904 | 415.85 | 24.00 | 619.70 | FICA TAXES | 153.39 | 3131.02 |
| BONUS | | | | | 4331.34 | SRPB PTAX | 124.75 | 1524.13 |
| | | | | | | SRPS PTAX | 124.75 | 1222.44 |
| | | | | | | LIFE INS | 3.78 | 68.04 |
| | | | | | | DENTAL | 3.00 | 54.00 |
| | | | | | | L TRM DISB | 9.72 | 116.64 |
| | | | | | | MEDICAL | 21.00 | 378.00 |
| | | | | | | WR NON-PAR | 50.00 | 400.00 |
| | | | | | | S TRM DISB | 7.34 | 88.08 |
| | | | | | | DIRECT DEP | 1276.47 | 23430.36 |
| TOTAL | 80.00 | | 2079.24 | 1464.00 | 41760.42 | TOTAL | 2079.24 | 36410.86 |

CAESARS ENTERPRISE SERVICE LLC
ONE HARRAH'S COURT
LAS VEGAS, NV 89119

NO. 11158851

DATE 11/19/2015

| AMOUNT |
|---|
| $*****1276.47* |

NAME DAVID B LOFTIS
[redacted]
[redacted]

DIRECT DEPOSIT ACCOUNT ****9345

# NON-NEGOTIABLE

# DIRECT DEPOSIT ADVICE

# EXHIBIT VI



# Performance Documentation

Last Name: Loftis
First Name: David
Employee ID: 860 558 195
Position: KYC Investigator
Property: Corporate Legal
Department: Legal Compliance
Issuing Supervisor: Tina Robinson

Type of Entry:
- ☐ Informational Entry
- ☒ Documented Coaching
- ☐ Written Warning
- ☐ Final Written Warning
- ☐ Separation of Employment
- ☐ Suspension Pending Investigation

Nature of Entry:
- ☐ Attendance
- ☐ Policy/Performance
- ☐ Variance

**Prior Documentation (Dates and Type of Entry):**

Verbal communication

**WHAT was the actual behavior observed (versus the expectation)?**

On April 2, 2015 at 3:45 pm I observed you sleeping at your desk. This is the second occurrence of this behavior.

**WHY this is important (violation of which policy, impact on Harrah's guests or team members)?**

Failure to remain alert and vigilant while on duty is unacceptable performance and compromises both your work and safety.

**HOW can the behavior be corrected to improve performance going forward?**

You will need to correct this behavior by remaining alert and vigilant while on duty. Ways to accomplish that is when you feel yourself getting sleepy you can go for a walk or break it really is an effective way to stay alert and regain focus.

**CONSEQUENCE if behavior continues:**

Any further incidents of this nature will result in additional progressive disciplinary action up to and including termination of your employment.

**Employee Comments:** Due to medication

Guide Me.

Employee Signature: D. B. [signature] Date: 2 Apr 15

Supervisor Signature: ______________________ Date: __________

Manager Signature: [signature] Date: April 02, 15

# EXHIBIT VII

 

Guide Me.

# Performance Documentation

| | | | |
|---|---|---|---|
| Last Name: | Loftis | First Name: | David |
| Employee ID: | 800558199 | Position: | KYC Investigator |
| Property: | Corporate Legal | Department: | Legal Compliance |
| Issuing Supervisor: | Tina Robinson | | |

**Type of Entry:**

- ☒ Informational Entry
- ☐ Documented Coaching
- ☒ Written Warning
- ☐ Final Written Warning
- ☐ Separation of Employment
- ☐ Suspension Pending Investigation

**Nature of Entry:**

- ☐ Attendance
- ☐ Policy/Performance
- ☐ Variance

**Prior Documentation (Dates and Type of Entry):**

Verbal communication
04/02/2016- Documented Coaching

**WHAT was the actual behavior observed (versus the expectation)?**

On April 16, 2015 at 3:59 pm I observed you sleeping at your desk and needed to wake you. This is the third occurrence of this behavior.

**WHY this is important (violation of which policy, impact on Harrah's guests or team members)?**

Failure to remain alert and vigilant while on duty is unacceptable performance and compromises both your work and safety.

**HOW can the behavior be corrected to improve performance going forward?**

You will need to correct this behavior by remaining alert and vigilant while on duty. Ways to accomplish that is when you feel yourself getting sleepy you can go for a walk or break it really is an effective way to stay alert and regain focus.

**CONSEQUENCE if behavior continues:**

Any further incidents of this nature will result in additional progressive disciplinary action up to and including termination of your employment.

**Employee Comments:**

Will be changing prescription

Guide Me.

Employee Signature: [signature] Date: 16 Apr 15

Supervisor Signature: ______________________ Date: __________

Manager Signature: [signature] Date: April 16, 2015

# "EXHIBIT B"

"EXHIBIT B"

Electronically Filed
09/09/2016 05:09:01 PM

CLERK OF THE COURT

GABROY LAW OFFICES
Christian Gabroy (#8805)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel (702) 259-7777
Fax (702) 259-7704
christian@gabroy.com
*Attorney for Plaintiff*

**DISTRICT COURT**

**EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY NEVADA**

DAVID LOFTIS, an individual;

Plaintiff,

vs.

CAESARS ENTERPRISE SERVICES, LLC a/k/a and d/b/a CAESARS ENTERPRISE SERVICE, LLC, a Limited Liability Company; EMPLOYEE(S)/AGENT(S) DOES I-X; and ROE CORPORATIONS XI-XX, inclusive;

Defendant.

Case No.: A-16-743149-C
Dept.: II

**Jury Demand**

Plaintiff, David Loftis, by and through the law firm of GABROY LAW OFFICES, hereby demands a jury trial of all issues in the above-captioned matter.

Dated this 9th day of September 2016.

GABROY LAW OFFICES.

By:____________________________
Christian Gabroy (#8805)
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel (702) 259-7777
Fax (702) 259-7704
christian@gabroy.com

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

# "EXHIBIT C"

"EXHIBIT C"

Electronically Filed
09/09/2016 12:29:11 PM

CLERK OF THE COURT

COMP
GABROY LAW OFFICES
Christian Gabroy (#8805)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel (702) 259-7777
Fax (702) 259-7704
christian@gabroy.com
*Attorney for Plaintiff*

**DISTRICT COURT**

**EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY NEVADA**

DAVID LOFTIS, an individual;

Plaintiff,

vs.

CAESARS ENTERPRISE SERVICES, LLC a/k/a and d/b/a CAESARS ENTERPRISE SERVICE, LLC, a Limited Liability Company; EMPLOYEE(S)/AGENT(S) DOES I-X; and ROE CORPORATIONS XI-XX, inclusive;

Defendant.

Case No.: A-16-743149-C
Dept.: II

**AMENDED COMPLAINT**

COMES NOW Plaintiff David Loftis ("Plaintiff" or "Loftis") by and through his attorney, Christian Gabroy, Esq. of Gabroy Law Offices, and hereby alleges and complains against Caesars Enterprise Services, LLC. a/k/a and d/b/a Caesars Enterprise Service, LLC ("Defendant" or "Caesars") as follows:

**JURISDICTION AND VENUE**

1. This is a civil action for damages under state and federal laws prohibiting unlawful employment actions and to secure the protection of and to redress deprivation of rights under these laws.

2. Jurisdiction and venue is based upon NRS Chapter 608, NRS Chapter 613,

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

42 U.S.C. §12101, *et. seq.*, and 29 U.S.C. §201, *et. seq.* of the Fair Labor Standards Act ("FLSA").

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) and otherwise which states in relevant part that this action may be maintained in any Federal or State court of competent jurisdiction.

4. All alleged unlawful employment actions occurred in this judicial district.

**PROCEDURAL POSTURE**

5. Plaintiff has satisfied all administrative and jurisdictional requirements necessary to maintain this lawsuit. Plaintiff timely filed his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about May 3, 2016. *See* a true and correct copy of Plaintiff's charge of discrimination attached hereto as Exhibit I. Such allegations of Exhibit I are hereby incorporated herein.

6. On or about June 13, 2016, the EEOC mailed a Notice of Right to Sue. *See* a true and correct copy of the Notice of Right to Sue attached hereto as Exhibit II.

7. This lawsuit has been commenced within 90 days of receipt of the Notice of Right to Sue.

8. On or about August 26, 2016, Plaintiff mailed a five (5) day demand, pursuant to NRS §608.140 to Defendant. A true and accurate copy of such demand is hereby attached as Exhibit III. Defendant did not honor such demand within five days and the demand was withdrawn.

9. Pursuant to 29. U.S.C. §216(b), Plaintiff's notice of consent to joinder is attached hereto as Exhibit IV.

10. Plaintiff herein requests a jury on all issues triable by jury.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

**THE PARTIES**

11. At all relevant times, Plaintiff was an individual residing in this judicial district.

12. At all relevant times, Plaintiff was an "employee" of Defendant as that term is defined in the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12111, *et. seq.* and NRS Chapter 608, 613.

13. Upon information and belief, at all times relevant, Defendant was doing business in this judicial district in Clark County, Nevada.

14. At all times relevant, Defendant was a limited liability company listed with the Nevada Secretary of State and was Plaintiff's "employer" as that term is defined by the ADA, 42 U.S.C.A § 12111, *et. seq.*, NRS Chapters 608, 613, and § 203(d) of the FLSA.

15. At all times hereto, Defendant was Plaintiff's "employer" and thus subject to the FLSA, 29 U.S.C. §201, *et seq*. At all times hereto, Defendant had custody or control over Plaintiff and his employment, and was responsible for Plaintiff's labor and employment matters while Plaintiff was employed by Defendant at the time Plaintiff's wages were lawfully due.

16. At all times, Defendant was an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1). More specifically, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA in that Defendant has engaged in an annual gross volume of sale made or business done that exceeds the $500,000.00 minimum threshold requirement of the FLSA, exclusive of excise taxes.

17. DOE DEFENDANTS I-X, inclusive, are persons and ROE DEFENDANTS XI-XX, inclusive, are corporations or business entities (collectively referred to as "DOE/ROE DEFENDANTS"), whose true identities are unknown to Plaintiff at this time.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

These ROE CORPORATIONS may be parent companies, subsidiary companies, owners, predecessor or successor entities, or business advisors, de facto partners, Plaintiff's employer, or joint venturers of Defendant. Individual DOE DEFENDANTS are persons acting on behalf of or at the direction of any Defendant or who may be officers, employees, or agents of Defendant and/or a ROE CORPORATION or a related business entity. These DOE/ROE DEFENDANTS were Plaintiff's employer(s) and are liable for Plaintiff's damages alleged herein for their unlawful employment actions/omissions. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE/ROE DEFENDANTS are revealed to Plaintiff.

## FACTUAL ALLEGATIONS

18. On or about January 15, 2015, Defendant offered employment to Plaintiff and Plaintiff accepted such offer.

19. Shortly thereafter Plaintiff commenced his employment with Defendant.

20. At all relevant times, Plaintiff was employed by Defendant as a "corporate investigator."

21. Defendant represents to the general public a "public pledge to our employees, guests, and communities that we will honor the trust they have placed in us." The pledge further states that Defendant has "[a] commitment to all our employees to treat them with respect and provide satisfying career opportunities."

22. Plaintiff was paid an approximate salary amount of $4,416.67 per month, or $53,000.00 annually. *See* a true and correct copy of Plaintiff's redacted paycheck attached as Exhibit V. According to Plaintiff's paycheck, Plaintiff was paid a set hourly rate and a set number of hours which were the exact same, 40 hours per week, for each week he worked despite Plaintiff customarily working more than 40 hours a week.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

23.     At all times relevant on a weekly basis, Plaintiff was paid the same amount no matter how many hours he worked.

24.     At all times relevant, Plaintiff performed job duties as a "corporate investigator."

25.     Plaintiff customarily worked in excess of 40 (forty) hours per week. Plaintiff was not lawfully compensated for work performed in excess of 40 (forty) hours per week. *See* a true and correct copy of Plaintiff's redacted paycheck attached as Exhibit V.

26.     Plaintiff customarily worked approximately 50 (fifty) or more hours per work week.

27.     Plaintiff routinely worked in excess of forty hours per week and in excess of eight hours a day, but Defendant did not provide Plaintiff overtime compensation for such work. For example, and on a weekly basis, Defendant failed to pay Plaintiff overtime wages for work during the two (2) weeks of October 29, 2015 to November 12, 2015 during which Plaintiff worked in excess of forty hours per week. The Plaintiff worked in excess of forty hours per week but was not paid overtime compensation. *See* attached redacted paycheck hereto as Exhibit V.

28.     The Defendant provided false information on at least one of Plaintiff's paychecks, reflecting Plaintiff worked only forty hours per week or 80 hours per two week pay period. The Plaintiff customarily worked in excess of forty hours per week. *See* attached redacted paycheck hereto as Exhibit V.  According to such paycheck, Plaintiff was paid on an hourly basis and during that relevant time period, Defendant did not pay Plaintiff all his hours worked.

29.     Plaintiff was an exemplary employee and received a strong performance review.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

30. As a result of Plaintiff's strong performance review, Plaintiff was thereafter paid an increased salary in or around September 2015.

31. According to Plaintiff's paycheck dated November 19, 2015, Plaintiff had a primary job base rate of $54,060.00. *See* a true and correct copy of Plaintiff's redacted paycheck attached as Exhibit V.

32. At all relevant times, Plaintiff suffered from End Stage Renal Disease ("ERSD"), a disability that substantially limits one or more of Plaintiff's major life activities. ESRD is permanent and is irreversible kidney damage, requiring hemodialysis or a renal transplant to maintain life.

33. At all relevant times, Plaintiff suffered from his disability, ESRD. Plaintiff's disability substantially limits one or more of his major life activities.

34. Plaintiff explained his medical condition to Defendant. Plaintiff explained to Defendant that at times due to his medical condition worsening, Plaintiff may become tired, "nod off," and/or sleep.

35. Defendant issued Plaintiff a disciplinary "verbal communication" regarding Plaintiff nodding off and/or sleeping due to his disability. *See* a true and correct copy of the Performance Documentation-Documented Coaching attached as Exhibit VI.

36. On or around April 2, 2015, Defendant issued further discipline against Plaintiff. On or about April 2, 2015, Defendant issued Plaintiff a "Documented Coaching" relating to Plaintiff's disability. Such documented coaching was due to Plaintiff's "sleeping" at his desk because of his disability. Such documented coaching included a statement that Plaintiff could possibly "go for a walk" to alleviate the symptoms of Plaintiff's disability. *See* a true and correct copy of the Performance Documentation-Documented Coaching attached as Exhibit VI.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

37.    On or around April 2, 2015, this "documented coaching" informed Plaintiff that "[f]ailure to remain alert and vigilant while on duty is unacceptable performance and compromises both your work and safety." *See* a true and correct copy of the Performance Documentation-Documented Coaching attached as Exhibit VI.

38.    On or around April 2, 2015, this "documented coaching" issued to Plaintiff also included a written "consequence." The consequence provided, "[a]ny further incidents of this nature will result in additional progressive disciplinary action up to and including termination of your employment." *See* a true and correct copy of the Performance Documentation-Documented Coaching attached as Exhibit VI.

39.    In response to the documented coaching, Plaintiff again informed Defendant, now in writing, the sleeping was "due to medication." *See* a true and correct copy of the Performance Documentation-Documented Coaching attached as Exhibit VI.

40.    On or around April 16, 2015, Defendant issued Plaintiff a written warning, a formal warning, and warned Plaintiff against sleeping or "nodding off" during the course and scope of his employment. *See* a true and correct copy of the Performance Documentation-Written Warning attached as Exhibit VII.

41.    On or around April 16, 2015, the written warning again informed Plaintiff "[f]ailure to remain alert and vigilant while on duty is unacceptable performance and compromises both your work and safety." *See* a true and correct copy of the Performance Documentation-Written Warning attached as Exhibit VII.

42.    On or around April 16, 2015, the written warning again informed Plaintiff "[a]ny further incidents of this nature will result in additional progressive disciplinary action up to and including termination of your employment." *See* a true and correct copy of the Performance Documentation-Written Warning attached as Exhibit VII.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

43. In response to the written formal warning, Plaintiff provided Defendant, in writing, that Plaintiff "[w]ill be changing prescription" in an attempt to change the behavior warned against by Defendant. *See* a true and correct copy of the Performance Documentation-Written Warning attached as Exhibit VII.

44. Thereafter, Plaintiff sought to change his prescription(s) and was prescribed iron to increase his levels of hemoglobin and blood count to prevent side effects and symptoms related to his disability, ESRD.

45. Thereafter, Plaintiff requested reasonable accommodations pursuant to his rights provided by the ADA. Plaintiff provided Defendant with supporting medical documents.

46. In December of 2015, Plaintiff turned in his request for accommodations to Defendant in accordance with the ADA and/or Defendant-employer guidelines, approximately one day prior to Plaintiff starting his holiday vacation.

47. Defendant had actual or constructive knowledge Plaintiff suffered from his disability, ESRD.

48. Defendant had actual or constructive knowledge Plaintiff was on medication to treat his disability, ESRD.

49. Defendant then informed Plaintiff no ADA accommodation(s) would be provided.

50. Defendant informed Plaintiff there would be no reasonable accommodations provided to Plaintiff.

51. Three days after Christmas, on or about December 28, 2015, after Plaintiff filed his request for accommodations, Plaintiff was terminated by Defendant.

**COUNT I**
**VIOLATIONS OF AMERICANS WITH DISABILITIES ACT**

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

**42 U.S.C. § 12111, *et. seq.*; NRS 613.310, *et seq.***

52. Plaintiff hereby realleges and incorporates paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53. At all times relevant, Plaintiff was a qualified individual under the ADA in that Plaintiff was an individual with a disability, a physical impairment, that substantially limits one or more major life activities, has a record of such impairment, and/or was a person who was regarded and/or perceived as having an impairment or disability.

54. Plaintiff with or without reasonable accommodation could perform the essential functions of his job.

55. Plaintiff suffered from a physical impairment while employed by Defendant.

56. Defendant knew and/or were aware of Plaintiff's disability.

57. Defendant had actual or constructive knowledge of Plaintiff's disability.

58. Plaintiff was harassed and/or discriminated against, and ultimately terminated based upon his actual disability and/or his perceived disability by Defendant in violation of the ADA. Further, Defendant harassed and/or discriminated against Plaintiff on the basis of his disability or his perceived disability by failing to provide Plaintiff a reasonable accommodation and by failing to engage in the interactive process in good faith. Although Defendant could have reasonably accommodated Plaintiff in an available position in compliance with Plaintiff's work restrictions, Plaintiff was harassed, and/or discriminated against, and terminated in violation of the ADA.

59. Plaintiff engaged in conduct protected under the ADA.

60. Plaintiff was subjected to an adverse employment action after the protected conduct occurred.

61. There was a causal link between the protected activity and the adverse

employment action.

62. Plaintiff's termination was a result of his protected activity.

63. The acts and/or omissions of Defendant caused Plaintiff severe economic and emotional damages.

64. The conduct of Defendant has been malicious, fraudulent or oppressive and was designed to vex, annoy, harass or humiliate Plaintiff and, thus, Plaintiff is entitled to punitive damages with respect to his claim.

65. As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

## COUNT II
## NEGLIGENT HIRING, TRAINING, AND SUPERVISION

66. Plaintiff repeats and reasserts the allegations contained in Paragraphs 1 through 65 as if fully incorporated by reference herein.

67. Defendant had a duty to exercise reasonable care to protect Plaintiff from negligent and/or careless actions of their own agents, officers, employees, and others.

68. Defendant owed a duty to Plaintiff to not hire individuals with a propensity towards committing unlawful acts against Plaintiff.

69. Defendant owed a duty to Plaintiff to adequately train and supervise their employees in regards to all correct policies and procedures relating to medical leave, absence, and/or termination policies and procedures.

70. Defendant breached their duty to protect Plaintiff by failing to properly hire, train, and/or supervise their employees, whereby a reasonable person could have foreseen the injuries of the type Plaintiff suffered would likely occur under the circumstances.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

71. As a direct and proximate cause of the foregoing conduct, Plaintiff suffered harm including loss of income and benefits, severe emotional distress including but not limited to great mental and emotional harm, anguish, anxiety, insecurity, damage to self-esteem and self-worth, shame and humiliation, lack of appetite, and loss of sleep and/or anxiety.

**COUNT III**
**Wage Violations**
**N.R.S. 608.005, *et seq.***

72. Plaintiff hereby realleges and incorporates paragraphs 1 through 71 of this Complaint as though fully set forth herein.

73. This count arises from Defendant's violation of NRS § 608.005, *et seq.* for Defendant's failure to pay lawful wages to Plaintiff, including but not limited to paying Plaintiff for all time worked in excess of forty (40) hours in individual work weeks.

74. At all material times hereto, Plaintiff was employed by Defendant as an "employee" within the meaning NRS § 608.010. Plaintiff performed a variety of job duties and responsibilities for Defendant within this judicial district.

75. At all material times hereto, Defendant was Plaintiff's "employer" per NRS § 608.011.

76. At all relevant times and during the course of his employment for Defendant, Plaintiff was employed by Defendant and was not exempt from the overtime wages provisions of NRS § 608.018.

77. Plaintiff was directed by Defendant to work, and/or Defendant suffered Plaintiff to work, and Plaintiff did such work, in excess of forty (40) hours per week.

78. Pursuant to NRS § 608.018, Plaintiff was entitled to be compensated at a rate of one and one-half times his regularly hourly rate of pay for all time worked in

excess of forty (40) hours in individual workweeks.

79. Defendant did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks. Instead, Defendant paid Plaintiff at his regular rate of pay for all hours worked, including hours worked in excess of forty (40) in individual work weeks. For example, and on a weekly basis, Defendant failed to pay Plaintiff overtime wages for work during the weeks of October 29, 2015 to November 12, 2015 during which Plaintiff worked in excess of forty hours per week. Plaintiff was paid his set salary rate for those hours worked. In violation of the law, Plaintiff worked in excess of forty hours per week but was not paid overtime compensation. *See* attached redacted paycheck hereto as Exhibit V.

80. As a result of Defendant's failure and refusal to pay lawful wages, including overtime wages, to Plaintiff for all time worked in excess of forty (40) hours per week, Defendant violated NRS Chapter 608.

81. Further, upon information and belief, Defendant failed to provide Plaintiff and maintain all records in accordance with NRS § 608.115 and has been damaged thereto.

82. Pursuant to NRS 608.005, 608.040 and 608.140, *et. seq.*, the Plaintiff seeks all available damages for such unlawful payment practices.

83. The Defendant has failed and refused to pay the Plaintiff, a former employee of the Defendant, his earned but unpaid wages. Such conduct by the Defendant constitutes a violation of Nevada Revised Statutes § 608.020, or § 608.030, and provides the Plaintiff with a claim against Defendant for a continuation after the termination of his employment with the Defendant of his normal daily wages the

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

Defendant would pay him, until such earned but unpaid wages are actually paid or for thirty (30) days, whichever is less, pursuant to Nevada Revised Statutes § 608.040(1).

84. As a direct and proximate result of Defendant's conduct described hereinabove, Plaintiff has sustained damages in excess of Ten Thousand Dollars ($10,000.00).

85. As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

86. The Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

**COUNT IV**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT – WAGES**
**29 U.S.C. §201, *et. seq.***

87. Plaintiff repeats and realleges the allegations contained in the preceding Paragraphs 1 through 86 as though fully set forth herein and incorporates the same herein by reference.

88. This count arises from Defendant's violation of the FLSA, 29 U.S.C. §201 *et. seq.* for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty hours in an individual work week.

89. Pursuant to the FLSA, Plaintiff has a right to be compensated for all overtime work time spent at the direction of, and for the benefit of, his employer.

90. The time spent by Plaintiff working unpaid overtime is compensable work time payable at time and a half.

91. At all material times hereto, Plaintiff was employed by Defendant as an "employee" within the meaning of §203(e)(1) of the FLSA. Plaintiff performed a variety of job duties, labor, services, and responsibilities for Defendant within this judicial district that are subject to the aforesaid provisions of the FLSA.

92. Plaintiff performed a variety of job duties and responsibilities such as that of a corporate investigator for Defendant within this judicial district.

93. Plaintiff was an employee of Defendant during the time period pertinent to this Complaint, and during a portion of the three years immediately preceding the initiation of this action.

94. At all material times hereto, Defendant was Plaintiff's "employer" per the FLSA, 29 U.S.C. §203(d).

95. At all times relevant and during the course of his employment for Defendant, Plaintiff was employed by Defendant and was not exempt from the overtime provisions of the FLSA 29 U.S.C. §207, *et. seq.*

96. Pursuant to 29 U.S.C. §207, Plaintiff was entitled to be compensated at a rate of one and one half times a base hourly pay rate and/or at a base minimum wage rate for each hour worked in excess of forty hours per week.

97. Plaintiff was directed by Defendant to work, and did such work in excess of forty hours per week.

98. Defendant did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks. Instead, Defendant provided Plaintiff with a set weekly salary, including hours worked in excess of forty (40) in individual work weeks. For example, and on a weekly basis, Defendant failed to pay Plaintiff overtime wages for work during the weeks

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

of October 29, 2015 to November 12, 2015 during which Plaintiff worked in excess of forty hours per week. Plaintiff was paid his set salary rate for those hours worked. In violation of the law, Plaintiff worked in excess of forty hours per week but was not paid overtime compensation. *See* attached redacted paycheck hereto as Exhibit V.

99. Defendant's failure and refusal to pay lawful wages to Plaintiff for overtime wages owed violated the FLSA, 29 U.S.C. §207, *et. seq.*

100. Defendant willfully violated the FLSA by refusing to pay Plaintiff all lawful wages, including overtime compensation. All of the alleged various violations of the law herein were committed intentionally and/or willfully by Defendant herein.

101. Defendant is liable to Plaintiff under the FLSA for actual damages, equitable relief and any other damages awarded by this court.

102. Per the FLSA, Plaintiff seeks all available damages including but not limited to attorney's fees, liquidated damages, and all lawful wages.

103. Plaintiff seeks a judgment for unpaid overtime compensation and additional liquidated damages of one hundred percent of any unpaid overtime compensation, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to Plaintiff.

104. Plaintiff also seeks an award of attorney's fees, interest and costs as provided for by the FLSA.

**COUNT V**
**RETALIATION**
**42 U.S.C.A §2000e., *et. seq.* / NRS 613.340**

105. Plaintiff hereby realleges and incorporates paragraphs 1 through 104 of this Complaint as though fully set forth herein.

106. The Plaintiff engaged in or was engaging in an activity protected under

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

Federal and State law when the Plaintiff informed the Defendant of his disability, and/or requested reasonable accommodations pursuant to his rights under the ADA.

107. Specifically, the Plaintiff, in good faith, informed the Defendant of his disability and his need for reasonable accommodations.

108. Thereafter, the Plaintiff, in good faith, formally requested reasonable accommodations pursuant to his rights under the ADA.

109. The Defendant retaliated against the Plaintiff and subjected the Plaintiff to adverse employment actions, including a series of informal and formal warnings, and termination.

110. There is a temporal proximity to Plaintiff informing the Defendant of his disability and the Defendant's adverse employment actions, regarding the informal and formal warnings, and/or termination.

111. There is a temporal proximity in relation to Plaintiff's internal request for accommodations and the retaliation against the Plaintiff.

112. Defendant subjected Plaintiff to retaliatory conduct by ratifying harassment and/or discrimination against the Plaintiff with a series of informal and formal warnings, and/or termination.

113. These retaliatory actions were in response to Plaintiff's request for accommodations and/or the Plaintiff informing the Defendant of his disability.

114. The Plaintiff informed the Defendant of the disparate treatment. The Defendant took no action to investigate or promptly correct the retaliatory conduct.

115. Defendant's aforementioned conduct constituted retaliation and adverse employment actions.

116. By taking adverse actions as a result of the Plaintiff informing the

Defendant of his disability, and/or the Plaintiff's request for accommodations, the Defendant engaged in a retaliatory practice with malice and/or with reckless disregard to Plaintiff's protected rights. As a result, the Plaintiff has been damaged.

117. As a direct and proximate result of the Plaintiff informing the Defendant of his disability and/or the Plaintiff's request for accommodations, the Plaintiff was retaliated against and/or terminated on or about December 28, 2015, approximately one to two weeks after the Plaintiff filed a request for accommodation.

118. As a result of the Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

119. The conduct of Defendant has been malicious, fraudulent, or oppressive and was designed to vex, annoy, harass, or humiliate Plaintiff. Thus, the Plaintiff is entitled to punitive damages with respect to his claim against Defendant.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

A. A judgement in the amount of one and one-half times Plaintiff's hourly wage rate for all time which Plaintiff worked in excess of forty (40) hours per week;

B. All damages and penalties allowed under NRS 608.005 *et. seq.*;

C. For general damages in excess of $10,000.00;

D. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

E. For special damages, where applicable, in excess of $10,000.00;

F. For compensatory damages in excess of $10,000.00;

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

G. Prejudgment and Post-Judgement Interest;

H. For reasonable attorney's fees and costs incurred in filing this action;

I. For punitive damages on claims warranting such damages; and

J. Such other and further relief as this Honorable Court deems appropriate and just.

Dated this _9th_ day of September 2016.

Respectfully submitted,

GABROY LAW OFFICES

By: ______________________

Christian Gabroy (#8805)
The District at Green Valley Ranch
170 South Green Valley Parkway,
Suite 280
Henderson, Nevada 89012
Tel (702) 259-7777
Fax (702) 259-7704
christian@gabroy.com
*Attorney for Plaintiff*

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

# EXHIBIT I

May 20 16 02:52p p.8

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: [ ] FEPA [X] EEOC

Agency(ies) Charge No(s): 846-2016-09664

Nevada Equal Rights Commission and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. David B. Loftis | ( [redacted] | [redacted] |

Street Address: [redacted] City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| HARRAH'S LAS VEGAS, INC. | 500 or More | (702) 407-6254 |

Street Address: One Harrah Court, Las Vegas, NV 89119 City, State and ZIP Code

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[X] RETALIATION [ ] AGE [X] DISABILITY [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Latest: 12-28-2015
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about February 1, 2015, I was hired by the Respondent as a Corporate Investigator. My last job title was Corporate Investigator.

On or about December 18, 2015, I informed Respondent regarding my medical condition and need for a reasonable accommodation. There is an accommodation that would allow me to perform the essential functions of the job. Respondent failed to engage in the interactive process.

On or about December 28, 2015, I was discharged. I informed Respondent of the disparate treatment; however, no action was taken to investigate or to promptly correct.

I believe I was discriminated against because of my disability, and retaliated against for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date ______ Charging Party Signature ______

NOTARY – When necessary for State and Local Agency Requirements

N/A

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

N/A

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

N/A

# EXHIBIT II

Jun 22 16 04:28p                                                              p.2

EEOC Form 161 (11/09)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

                               **DISMISSAL AND NOTICE OF RIGHTS**

| To: | David B. Loftis | From: | Las Vegas Local Office |
| | ▓▓▓▓▓▓▓▓▓ | | 333 Las Vegas Blvd South |
| | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | | Suite-8112 |
| | | | Las Vegas, NV 89101 |

|  | On behalf of person(s) aggrieved whose Identity is CONFIDENTIAL (29 CFR §1601.7(a)) |  |

| EEOC Charge No. | EEOC Representative | Telephone No. |
| | Amy Nigro, | |
| 846-2016-09664 | Investigator | (702) 388-5099 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

| | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| X | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| | Other (briefly state) |

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Richard T. Burgamy,                                                 JUN 1 3 2016
Local Office Director                                               *(Date Mailed)*

Enclosures(s)

cc:   Jeffrey D. Winchester
      Vice President of Employment
      HARRAH'S LAS VEGAS, INC.
      c/o Caesars Entertainment Corp
      One Caesars Palace Drive
      Las Vegas, NV 89109

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

# EXHIBIT III

Christian Gabroy, Esq.*

*Also admitted in Illinois

GABROY LAW OFFICES
The District at Green Valley Ranch
170 S. Green Valley Pkwy. Ste. 280 | Henderson, NV 89012
Office: (702) 259-7777 | Facsimile: (702) 259-7704

August 26, 2016

**FIVE DAY DEMAND UNDER NRS §608.140**

**VIA REGULAR MAIL**
Caesars Enterprise Services, LLC.,
C/O CSC Services of Nevada, INC.
2215 Renaissance Dr. Ste B
Las Vegas, NV 89119-6727

***Re: David Loftis***

To Caesars Enterprise Services, LLC.,

Our firm has been retained to represent the interests of David Loftis.

Pursuant to NRS § 608.140, Mr. Loftis herein provides a five-day demand in the amount of $17,153.67 (Seventeen Thousand, One Hundred and Fifty-Three Dollars and Sixty-Seven Cents). This appears to be a reduced amount. If such demand is not met within five days, Mr. Loftis will withdraw this demand without notice and pursue his remedies to the fullest extent of the law.

If you have questions or comments, feel free to contact the undersigned at any time.

I thank you.

Very Truly Yours,

GABROY LAW OFFICES

Christian J. Gabroy, Esq.

CJG/cg

# EXHIBIT IV

CONSENT TO JOINDER

I DAVID B. LOFTIS, by signing below, hereby consent to join this case as a Plaintiff pursuant to 29. U.S.C. 216(b).

D. B. Loftis

Signature

As Represented By:
Gabroy Law Offices
170 South Green Valley Parkway, Suite 280
Henderson, NV 89012

# EXHIBIT V

DAVID B LOFTIS

EMPLOYER:CES
PROPERTY:9CR

EE NO: 800558199
DEPT NO: 05510

BULLETIN BOARD

SPECIAL INFORMATION

PTO/VAC TAKEN PAY PD 16.00 TAX STATUS: S
PTO/VAC AVAILABLE 52.00 EXEMPTIONS: FED: 00 STATE: 00
PTO/VAC TAKEN YTD 24.00 STATE CODE: NV
CA SICK ADD'L W/H: 50.00

CHECK NO: 11158851
CHECK DATE: 11/19/2015
PERIOD ENDING: 11/12/2015
PAY FREQUENCY: B
PRIMARY JOB BASE RATE: 54060.0000

| | GROSS | PRE TAX | TAXABLE WAGES | TAXES | DEDS | | NET PAY |
|---|---|---|---|---|---|---|---|
| CURRENT | 2079.24 | 323.50 | 1755.74 | 458.43 | 1297.31 | | |
| Y-T-D | 41760.42 | 3578.57 | 33850.51 | 9129.17 | 23703.12 | | 5349.56 |

HOURS AND EARNINGS

| DESCRIPTION | CURRENT HOURS | CURRENT RATE | CURRENT EARNINGS | Y-T-D HOURS | Y-T-D EARNINGS |
|---|---|---|---|---|---|
| REGULAR | 64.00 | 25.9904 | 1663.39 | 1440.00 | 36809.38 |
| PTO | 16.00 | 25.9904 | 415.85 | 24.00 | 619.70 |
| BONUS | | | | | 4331.34 |
| TOTAL | 80.00 | | 2079.24 | 1464.00 | 41760.42 |

TAXES AND DEDUCTIONS

| DESCRIPTION | CURRENT AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| FEDERAL TX | 305.04 | 5998.15 |
| FICA TAXES | 153.39 | 3131.02 |
| SRPB PTAX | 124.75 | 1524.13 |
| SRPS PTAX | 124.75 | 1222.44 |
| LIFE INS | 3.78 | 68.04 |
| DENTAL | 3.00 | 54.00 |
| L TRM DISB | 9.72 | 116.64 |
| MEDICAL | 21.00 | 378.00 |
| WR NON-PAR | 50.00 | 400.00 |
| S TRM DISB | 7.34 | 88.08 |
| DIRECT DEP | 1276.47 | 23430.36 |
| TOTAL | 2079.24 | 36410.86 |

CAESARS ENTERPRISE SERVICE LLC
ONE HARRAH'S COURT
LAS VEGAS, NV 89119

NO. 11158851

DATE 11/19/2015

AMOUNT
$*****1276.47*

NAME DAVID B LOFTIS
[redacted]
[redacted]

DIRECT DEPOSIT ACCOUNT ****9345

NON-NEGOTIABLE

DIRECT DEPOSIT ADVICE

# EXHIBIT VI



## Performance Documentation

Last Name: Loftis First Name: David
Employee ID: 800 557 195 Position: KYC Investigator
Property: Corporate Legal Department: Legal Compliance
Issuing Supervisor: Tina Robinson

Type of Entry:
- ☐ Informational Entry
- ☒ Documented Coaching
- ☐ Written Warning
- ☐ Final Written Warning
- ☐ Separation of Employment
- ☐ Suspension Pending Investigation

Nature of Entry:
- ☐ Attendance
- ☐ Policy/Performance
- ☐ Variance

**Prior Documentation (Dates and Type of Entry):**

Verbal communication

**WHAT was the actual behavior observed (versus the expectation)?**

On April 2, 2015 at 3:45 pm I observed you sleeping at your desk. This is the second occurrence of this behavior.

**WHY this is important (violation of which policy, impact on Harrah's guests or team members)?**

Failure to remain alert and vigilant while on duty is unacceptable performance and compromises both your work and safety.

**HOW can the behavior be corrected to improve performance going forward?**

You will need to correct this behavior by remaining alert and vigilant while on duty. Ways to accomplish that is when you feel yourself getting sleepy you can go for a walk or break it really is an effective way to stay alert and regain focus.

**CONSEQUENCE If behavior continues:**

Any further incidents of this nature will result in additional progressive disciplinary action up to and including termination of your employment.

**Employee Comments:** DUE TO MEDICATION

Guide Me.

Employee Signature: D.B. [signature] Date: 2 Apr 15

Supervisor Signature: ____________ Date: ____________

Manager Signature: [signature] Date: April 02, 15

# EXHIBIT VII

 Guide Me.

## Performance Documentation

| | | | |
|---|---|---|---|
| Last Name: | Loftis | First Name: | David |
| Employee ID: | 800558199 | Position: | KYC Investigator |
| Property: | Corporate Legal | Department: | Legal Compliance |
| Issuing Supervisor: | Tina Robinson | | |

**Type of Entry:**

- ☒ Informational Entry
- ☐ Documented Coaching
- ☒ Written Warning
- ☐ Final Written Warning
- ☐ Separation of Employment
- ☐ Suspension Pending Investigation

**Nature of Entry:**

- ☐ Attendance
- ☐ Policy/Performance
- ☐ Variance

**Prior Documentation (Dates and Type of Entry):**

Verbal communication
04/02/2016- Documented Coaching

**WHAT was the actual behavior observed (versus the expectation)?**

On April 16, 2015 at 3:59 pm I observed you sleeping at your desk and needed to wake you. This is the third occurrence of this behavior.

**WHY this is important (violation of which policy, impact on Harrah's guests or team members)?**

Failure to remain alert and vigilant while on duty is unacceptable performance and compromises both your work and safety.

**HOW can the behavior be corrected to improve performance going forward?**

You will need to correct this behavior by remaining alert and vigilant while on duty. Ways to accomplish that is when you feel yourself getting sleepy you can go for a walk or break it really is an effective way to stay alert and regain focus.

**CONSEQUENCE if behavior continues:**

Any further incidents of this nature will result in additional progressive disciplinary action up to and including termination of your employment.

**Employee Comments:**

Will be changing prescription

Guide Me.

Employee Signature: [signature] Date: 16 Apr 15

Supervisor Signature: ____________________ Date: __________

Manager Signature: [signature] Date: April 16, 2015

# "EXHIBIT D"

"EXHIBIT D"

Electronically Filed
10/07/2016 09:50:40 AM

CLERK OF THE COURT

NOTC

GABROY LAW OFFICES
Christian Gabroy, Esq. (#8805)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel (702) 259-7777
Fax (702) 259-7704
christian@gabroy.com
*Attorney for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

DAVID LOFTIS, an individual;

Plaintiff,

vs.

CAESARS ENTERPRISE SERVICES, LLC a/k/a and d/b/a CAESARS ENTERPRISE SERVICE, LLC, a Limited Liability Company; EMPLOYEE(S)/AGENT(S) DOES I-X; and ROE CORPORATIONS XI-XX, inclusive;

Defendant.

Case No. A-16-743149-C
Dept. No. II

**NOTICE OF AFFIDAVIT OF SERVICE**

**NOTICE OF AFFIDAVIT OF SERVICE**

COMES NOW Plaintiff David Loftis by and through his attorney of record, Christian Gabroy, Esq. of Gabroy Law Offices, and hereby Notices the Affidavit of

///

///

///

///

///

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

Service Upon Defendant Caesars Enterprise Services, LLC (*see Exhibit I*).

DATED this 7th day of October 2016.

RESPECTFULLY SUBMITTED,

GABROY LAW OFFICES

By _/s/Christian Gabroy__
*Attorney for Plaintiff*
GABROY LAW OFFICES
Christian Gabroy (#8805)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel (702) 259-7777
Fax (702) 259-7704

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

# EXHIBIT I

## AFFIDAVIT OF SERVICE

EIGHTH JUDICIAL DISTRICT COURT
CLARK COUNTY, STATE OF NEVADA

DAVID LOFTIS, an individual,

Plaintiff(s)

v.

CAESARS ENTERPRISE SERVICES, LLC a/k/a and d/b/a CAESARS ENTERPRISE SERVICE, LLC, a Limited Liability Company; et al.,

Defendant(s)

Case No.:A-16-743149-C
Christian Gabroy, Esq. Bar No. 8805
Gabroy Law Offices
170 S. Green Valley Parkway, Suite 280
Henderson, NV 89012
(702) 259-7777
*Attorneys for the Plaintiff*

Client File# David Loftis

I, Judith Mae All, being sworn, states: That I am a licensed process server registered in Nevada. I received a copy of the Summons; Amended Complaint, from Gabroy Law Offices

That on 9/27/2016 at 4:15 PM I served the above listed documents to Caesars Enterprise Services, LLC - c/o CSC Services of Nevada, Inc., Registered Agent by personally delivering and leaving a copy at 2215-B Renaissance Drive, Las Vegas, NV 89119-6727 with Frances Gutierrez - Customer Service Specialist, a person of suitable age and discretion, authorized by Registered Agent to accept service of process at the above address shown on the current certificate of designation filed with the Secretary of State.

That the description of the person actually served is as follows:
Gender: Female, Race: Hispanic, Age: 30's, Height: Seated, Weight: 120 lbs., Hair: Black, Eyes:Brown

I being duly sworn, states: that all times herein, Affiant was and is over 18 years of age, not a party to or interested in the proceeedings in which this Affidavit is made. I declare under perjury that the foregoing is true and correct.

Date: 10/4/16

Judith Mae All
Registered Work Card# R-040570
State of Nevada

(No Notary Per NRS 53.045)

Service Provided for:
Nationwide Legal Nevada, LLC
720 S. 4th Street, Suite 305
Las Vegas, NV 89101
(702) 385-5444
Nevada Lic # 1656

Order #:NV39186
Their File David Loftis

# "EXHIBIT E"

"EXHIBIT E"



CORPORATION SERVICE COMPANY®

TRL / ALL
Transmittal Number: 15683674
Date Processed: 09/28/2016

# Notice of Service of Process

**Primary Contact:** Service of Process Box
Caesars Entertainment Corporation
Corporate Offices
One Caesars Palace Drive
Las Vegas, NV 89109

**Electronic copy provided to:** Alicia Rocha
Brenda Sanchez
Erin Hansen
Miriam Garcia
Dina Brown

---

| | |
|---|---|
| **Entity:** | Caesars Enterprise Services, LLC<br>Entity ID Number 3321869 |
| **Entity Served:** | Caesars Enterprise Services, LLC |
| **Title of Action:** | David Loftis vs. Caesars Enterprise Services, LLC a/k/a and d/b/a Caesars Enterprise Service, LLC |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Clark County District Court, Nevada |
| **Case/Reference No:** | A-16-743149-C |
| **Jurisdiction Served:** | Nevada |
| **Date Served on CSC:** | 09/27/2016 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Christian Gabroy<br>702-259-7777 |

---

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscglobal.com